# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CHRISTOPHER STEBBINS,** individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**COMPETITION CLUTCH, INC. and VAUGHN JEWELL,**<br><br>Defendants. | Case No.:<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, CHRISTOPHER STEBBINS (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, BROWN, LLC and THE ORLANDO FIRM, P.C., hereby brings this Collective Action Complaint against Defendant COMPETITION CLUTCH, INC. ("Defendant CCI") and Defendant VAUGHN JEWELL ("Defendant VJ") (collectively, "Defendants"), and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b), individually and on behalf of all other similarly situated persons employed by Defendant Competition Clutch, Inc. and Defendant Vaughn Jewell arising from

Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendants maintained a common policy of failing to pay hourly-paid employees at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C. § 207(a)(1).

3. To the extent Defendants paid hourly-paid employees for hours worked in excess of forty (40) in a workweek, such pay was at the same rate of pay they received for non-overtime hours.

4. Additionally, Plaintiff brings this action, on behalf of himself and other employees, to recover unpaid overtime wages for hours worked that were excluded from their paid hours pursuant to Defendants' automatic meal-break deduction policy.

5. Defendant deducted 60 minutes of pay for a meal break regardless of whether the employees received a bona fide meal break or not.

6. As a result, Defendants violated their statutory obligations by failing to pay hourly-paid, non-exempt employees including Plaintiff for all hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times their regular rate of pay.

7. Plaintiff asserts the foregoing FLSA claim not only individually, but also on a representative basis pursuant to 29 U.S.C. § 216(b) on behalf of a putative "FLSA Collective" defined as:

> *Any individual who worked for Defendants as an hourly-paid employee at any time within the three (3) years preceding the filing of this action and the date of judgment.*

8. Plaintiff seeks judgment against Defendants for actual and liquidated damages on behalf of himself and the putative FLSA Collective, plus costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, a federal statute.

10. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

11. This Court may properly maintain personal jurisdiction over Defendants because Defendants reside in this state and because Plaintiff's claims arise from Defendants' contacts with this state.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (c) and (d) because the Defendants are subject to personal jurisdiction in this District.

## PARTIES

13. Plaintiff Christopher Stebbins is an adult resident of Bartow, Florida.

14. Defendants employed Plaintiff in the position of heavy machine operator from approximately October 13, 2021 through May 24, 2022.

15. Pursuant to 29 U.S.C. § 216(b), Plaintiff has signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

16. Defendant CCI is a performance clutch company specializing in the manufacturing of sport compact assemblies from street driven to full race applications, offering its customers materials, manual services, and customer service.

17. Defendant CCI maintains a headquarters and principal business office located at 1108 Ellington Drive NW, Conyers, GA 30012.

18. Defendant VJ is the owner and Chief Executive Officer ("CEO") of Defendant CCI.

19. Defendant VJ is a citizen of the United States and maintains a principal business office located at 1108 Ellington Drive NW, Conyers, GA 30012.

20. Defendant VJ has directed employment practices of Defendant CCI.

21. Defendant VJ has directly or indirectly acted in the interest of Defendant CCI in relation to its employees at all times relevant herein.

22. Defendant VJ has directly or indirectly acted in the hiring and firing employees.

23. Defendant VJ has directly or indirectly acted in relation to setting employees' conditions of employment.

24. Defendant VJ has directly or indirectly acted in relation to setting employees' schedules.

25. Defendant VJ has directly or indirectly acted in relation to setting employees' rates and methods of compensation.

26. Defendant VJ has directly or indirectly acted in relation to distributing payroll.

27. Defendant VJ has directly or indirectly acted in supervising employees day-to-day.

28. Defendants are a "private employer" and covered by the FLSA.

29. At all relevant times, Defendants were an employer of Plaintiff and other putative FLSA Collective members.

30. At all relevant times, Defendants were an enterprise engaged in interstate commerce.

31. At all relevant times, Defendants' annual gross revenue exceeded $500,000.00.

32. At all relevant times, Defendants employed individuals who directed engaged in interstate commerce or have worked with products that have moved in interstate commerce.

## FACTUAL ALLEGATIONS

33. The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

34. Defendants' gross annual sales has been in excess of $500,000 at all relevant times.

35. Defendants are an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s) because they have employees engaged in commerce as well as employees handling, settling, and otherwise working on gods or materials that have been moved in or produced for commerce.

36. By way of example, hourly-paid employees handle automobiles and automobile parts that travel in and are produced for interstate commerce.

37. Additionally, Defendants have had two (2) or more employees handling, selling, or otherwise working with or on goods or materials that have been moved in or produced for commerce.

38. Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

39. Defendants provide its customers with manufactured products specialized in sport compact assemblies for racing vehicles.

40. Defendants' hourly-paid employees routinely worked over forty (40) hours per week.

41. Defendants maintained a common policy of failing to pay hourly-paid employees at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C. § 207(a)(1).

42. To the extent Defendants paid hourly-paid employees for hours worked in excess of forty (40) in a workweek, such pay was at the same rate of pay as non-overtime hours.

43. Thus, Defendants paid its hourly-paid employees straight time for overtime.

44. At all times material hereto, Plaintiff was compensated on an hourly basis.

45. Plaintiff routinely worked over forty (40) hours per week.

46. Plaintiff worked up to 130 hours on a bi-weekly basis.

47. However, Plaintiff did not receive any premium for overtime compensation for the hours worked in excess of forty (40) per week.

48. Rather, to the extent Defendants paid Plaintiff for hours worked in excess of forty (40) in a workweek, such pay was at the same rate of pay he received for non-overtime hours.

49. From approximately October 2021 to May 24, 2022, Plaintiff was not paid overtime compensation at a rate of 1.5 times his regular rate of pay for hours worked in excess of forty (40) in a workweek.

50. By way of example, for the pay period of November 25, 2021, through December 9, 2021, Plaintiff worked 130 hours, but did not receive any overtime premium compensation for the hours of overtime he worked that workweek.

51. Accordingly, Defendants' hourly-paid employees were entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, but did not.

52. Defendants knew and/or recklessly disregarded that their hourly-paid employees were entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, and that they were not receiving such compensation.

53. Defendants determined the number of hours to pay each hourly-paid, non-exempt worker each period by computing his or her total hours recorded in Defendants' timekeeping system, and then automatically deducting sixty (60)

minutes per shift on account of "meal breaks," regardless of whether such worker in fact received a *bona fide* meal break.

54. Defendants instructed hourly-paid, non-exempt workers to provide their total hours worked at the end of each day to Defendants' human resources department.

55. Instead of having hourly-paid, non-exempt workers self-report their meal breaks by informing Defendants' human resources department whether a meal break was in fact taken and, if so, to amount of time taken, Defendants automatically deducted sixty (60) minutes from their total hours each shift, regardless of whether they took the meal break or not.

56. Indeed, Plaintiff complained to Defendants' human resources representative, Carla Augsbee, that he was being deducted sixty (60) minutes each shift worked despite working without a meal break.

57. Defendants implemented a company-wide policy of automatically deducting sixty (60) minutes of pay per shift from hourly-paid, non-exempt workers' pay for "meal breaks" even though the workers worked through their shifts and did not receive *bona fide* meal breaks, *see* 29 CFR § 785.19.

58. As a result, Defendants typically shorted each hourly-paid, non-exempt worker at least sixty (60) minutes less than the actual hours worked each shift.

9

59. Hourly-paid, non-exempt workers' uncompensated hours often included hours worked in excess of forty (40) in a workweek.

60. Defendants had actual and/or constructive knowledge that in many workweeks, Plaintiff and other hourly-paid, non-exempt healthcare workers were performing work in excess of forty (40) hours in a workweek that was uncompensated due to the Defendants' automatic meal-break deduction policy.

61. Defendants failed to establish a reasonable process to ensure that hourly-paid, non-exempt workers were able to receive *bona fide* meal breaks.

62. Defendants' management discourages, impeded, obstructed, and/or ignored attempts by hourly-paid, non-exempt workers to report instances in which they did not receive *bona fide* meal breaks and/or sought cancellation or restoration of the deduction.

63. Defendants failed to keep accurate records of whether hourly-paid, non-exempt workers received *bona fide* meal breaks.

64. Defendants' management knew that hourly-paid, non-exempt workers were engaged in activities that predominately benefited Defendants during the time period that were falsely recorded as having taken meal breaks.

65. Defendants' management knew of specific instances in which Plaintiff and other hourly-paid, non-exempt workers worked without a *bona fide* sixty (60)

minute meal periods, but knowingly and willfully failed to cancel the automatic meal-break deduction or restore their pay.

66. In other words, Defendants reaped the benefits of its automatic meal-break deduction, without performing any of its corresponding legal obligations.

67. Defendants willfully violated the FLSA.

68. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

## FLSA COLLECTIVE ALLEGATIONS

69. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

70. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former hourly-paid employees of Defendants.

71. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of a putative FLSA Collective defined as:

> *Any individual who worked for Defendants as an hourly-paid, non-exempt worker at any time within the three (3) years preceding the filing of this action and the date of judgment ("FLSA Collective").*

72. Plaintiff contends that he and FLSA Collective members were denied compensation and overtime compensation due to Defendants' policy and practice of failing to pay hourly-paid employees at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek. Additionally, Plaintiff contends that he and the FLSA Collective members were systemically shorted compensation and overtime compensation due to Defendants automatically deducting sixty (60) minutes of time each shift despite Plaintiff and the FLSA Collective members not receiving *bona fide* meal breaks.

73. Plaintiff estimates that there are in excess of fifteen (15) putative FLSA Collective members or persons in positions with substantially similar job duties who are either working or worked for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek and systemically shorted compensation and overtime compensation as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. FLSA Collective Members may be informed of the pendency of this Collective Action by direct mail, e-mail, text message, and/or publication.

74. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the FLSA Collective members are similarly-situated. Plaintiff and the FLSA Collective members were similarly denied overtime compensation at 1.5 times their regular rate of pay as a result of Defendants' policy of failing to pay hourly-paid employees at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek, had the same or similar job classifications and job duties, and were subject to the same uniform policies and practices.

75. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them to the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

76. As a result of Defendants' common policies and practices, Defendants failed to pay members of the putative FLSA Collective, including Plaintiff, the federally mandated overtime rate of 1.5 times their regular rate for all hours worked over forty (40) in a workweek.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## <u>FAILURE TO PAY OVERTIME</u>

(*Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b)*)

77. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

78. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

79. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

80. In most workweek, Plaintiff and the FLSA Collective members worked over forty (40) hours.

81. Plaintiff and the FLSA Collective members did not receive any form of premium overtime compensation for the hours worked in excess of forty (40) in a workweek.

82. For example, Plaintiff worked over forty (40) hours in a workweek during the pay period of November 25, 2021 through December 9, 2021, and was not paid any premium for overtime compensation.

83. In workweeks in which Plaintiff and the FLSA Collective members worked in excess of forty (40) hours, Defendants failed to compensate them at the federally mandated rate of 1.5 times each employee's regular hourly wage. *See* 29 U.S.C. § 207.

84. Additionally, Defendants implemented a company-wide policy of automatically deducting sixty (60) minutes of pay for "meal breaks" irrespective of whether its workers received *bona fide* meal breaks.

85. Defendants suffered and permitted Plaintiff and the FLSA Collective members to work through their shifts without taking *bona fide* meal breaks.

86. Even though Plaintiff and the FLSA Collective members did not take *bona fide* meal breaks during their work shifts, Defendants deducted sixty (60) minutes of pay.

87. Defendants failed to compensate Plaintiff and the FLSA.

88. Defendants knew or acted with reckless disregard as to whether putative FLSA Collective members' were entitled to overtime compensation for hours worked in excess of forty (40) in a workweek, and Defendants were on notice of the FLSA's requirements at all relevant times.

89. Accordingly, Defendants' conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violations.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective members, respectfully requests that this Court grant the following relief against Defendants:

A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

B. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the collective members of their rights by law to join and participate in this lawsuit;

C. Designating Plaintiff as the representative of the FLSA Collective members and undersigned counsel for the same;

D. Finding that Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited therein;

E. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the FLSA Collective the full amount of compensatory damages and liquidated damages available by law;

F. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

G. Granting an incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective members in this action;

H. Awarding pre- and post-judgment interest to Plaintiff and the FLSA Collective members on these damages; and

I. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff Christopher Stebbins, individually and on behalf of all other FLSA Collective members, by and though his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Dated: October 14, 2022

*/s/ Roger Orlando*
Roger Orlando
**THE ORLANDO FIRM, P.C.**
315 West Ponce De Leon Ave
Suite 400
Decatur, GA 30030
TEL: (973) 898-0404
roger@orlandofirm.com

*Local Counsel for Plaintiff*

Edmund C. Celiesius (*to file PHV*)
Nicholas Conlon (*to file PHV*)
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
TEL: (877) 561-0000
FAX: (855) 582-5297
ed.celiesius@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*